```
1207123-Court-A-U.S.                    IN RE
PATRICK DONOVAN RILEY                   RONALD POPE
PO BOX 1298                             3554 A. MELROSE STREET

WILSON, NC 27894                        TRIANGLE, VA 22172
                                        SSN or Tax I.D.   XXX-XX-9540

Chapter 13
Case Number:   12-07123-8-RDD
```

```
                                        U.S. BANKRUPTCY COURT
                                        1760-A PARKWOOD BLVD
                                        WILSON, NC 27893
```

NOTICE OF MOTION FOR CONFIRMATION OF PLAN

ROBERT R. BROWNING, Chapter 13 Trustee has filed papers with the Court to Confirm the Chapter 13 Plan.

<u>Your rights may be affected.</u>  You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case.  (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to grant the Motion For Confirmation Of Plan, or if you want the court to consider your views on the motion, then on or before 12/24/2012, you or your attorney must file with the court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

```
        U.S. Bankruptcy Court
        Eastern District of North Carolina
        1760-A Parkwood Blvd
        Wilson, NC  27893
```

If you mail your response to the court for filing, you must mail it early enough so the court will receive it on or before the date stated above.

You must also mail a copy to debtor(s), debtor(s) attorney and trustee at the following addessses:

| Debtor(s): | Attorney: | Trustee: |
|---|---|---|
| RONALD POPE | PATRICK DONOVAN RILEY | ROBERT R. BROWNING |
| 3554 A. MELROSE STREET | PO BOX 1298 | P.O. BOX  8248 |
| TRIANGLE, VA 22172 | WILSON, NC 27894 | GREENVILLE, NC 27835 |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set and all parties will be notified accordingly.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

```
Date: November 21, 2012                 ROBERT R. BROWNING
                                        Chapter 13 Trustee
                                        P.O. BOX  8248
                                        GREENVILLE, NC 27835
```

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

IN RE:                                                                                    CASE NUMBER: 12-07123-8-RDD

    RONALD POPE

                                                                                                   CHAPTER 13
    DEBTOR(S)

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

    NOW COMES the Trustee in the above referenced Chapter 13 case moving the Court for an Order confirming the Plan in the case and, in support, of said Motion, says unto the court:

1. That the debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. § 341 and submitted to an examination under oath by the Trustee on November 9, 2012, or has supplied answers to written interrogatories;

2. The debtor(s) has/have complied with all requirements of 11 U.S.C §521 (a) (1) (B) and Interim Bankruptcy Rules 1007 and 4002 (b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521 (i);

3. That there are no pending objections to confirmation or other filings or pleadings that would impede the confirmation of the Plan in this case;

4. That the trustee has reviewed the schedules and relative information in the debtor(s) petition and has made a determination of the disposable income for the debtor(s) in this case. The calculation of disposable income impacts on what, if any, dividend will be received by unsecured creditors. The debtor(s) plan provides for payments of:

| | | | |
|---|---|---|---|
| $640.00 | for | 60 | Months |
| | for | | Months |
| | for | | Months |
| | for | | Months |

**THE ANALYSIS OF THIS PLAN INDICATES THE GENERAL UNSECURED CREDITORS WILL RECEIVE A DIVIDEND. IF FUNDS ARE AVAILABLE TO THE UNSECURED CLASS THE EXACT AMOUNT TO BE PAID EACH CLAIM CANNOT BE CALCULATED AT THIS TIME;**

<u>Debtors With No Projected Disposable Income.</u> If it has been determined that Debtor(s) has/have no projected disposable income and no equity in property pursuant to the liquidation test to be applied for the benefit of general unsecured creditors the obligation of the debtor(s) to make such payments shall cease upon payment to the Trustee of a sum sufficient to pay all allowed arrearage claims on secured debts, or other allowed secured claims (not including those to be paid "outside" the plan), unsecured priority claims, administrative claims and co-sign protect claims (if any) in

full, along with the amount indicated below to be paid on general unsecured claims. <u>IN SUCH EVENT THE GENERAL UNSECURED CLAIMS WILL BE PAID $0.00 THROUGH THIS PLAN.</u>

5. That the liens of creditors which will not be paid in full during the term of the Plan or which are to be paid directly by the debtor(s) are not affected by the confirmation of this plan;

6. Generally, and subject to orders entered hereafter by the Court, any proof of claim that is not filed on or before February 7, 2013 ("Bar Date") shall be disallowed. Claims of governmental units, proofs of which are not filed before April 2, 2013 ("Government Bar Date") shall be disallowed;

7. That the claims of secured creditors shall be paid as secured to the extent of the claim or to the extent of the value of the collateral as set out below:

   a. Claims to be paid directly by the Debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

   b. Continuing Long Term Debts to be paid by the Trustee:

The trustee will disburse regular ongoing monthly payments effective with the month indicated below with the Debtor to resume direct payments upon completion of plan payments. Arrearage through the month indicated will be paid in full over the term of the plan without interest as funds are available unless otherwise indicated. To receive disbursements, a creditor must file a proof of claim documenting a non-preferential perfected lien against the property. The Trustee will disburse the regular monthly payment indicated below unless an allowed filed claim indicates a different payment.

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| (900 & 901) OCWEN LOAN SERVICING | MORTGAGE | CONTRACTUAL AND POST PETITION PAYMENTS TO BE MADE BY THE TRUSTEE |

   c. Claims paid to extent of claims as filed (no cramdown):

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

   d. Claims paid to extent of value:

| Creditor | Collateral | Present Value | Repayment Rate/Term |
|---|---|---|---|
| (902) OCWEN LOAN SERVICING | MORTGAGE ARREARS | $5,000.00 SECURED | 0% PRO-RATA WITHIN THE LIFE OF THE PLAN-**NO** |

**CLAIM FILED**

    e. Claims to be avoided by the debtor:

| Creditor | Collateral | Repayment Rate/Term |
|---|---|---|
| NONE | | |

    Provided sufficient funds are available, and a proof of claim has been filed and allowed, the secured creditors listed above can expect to receive a minimum monthly payment equal to 1% of the value of their collateral.

8. **LONG TERM RESIDENTIAL MORTGAGE CLAIMS** shall be paid in a manner consistent with that November 5, 2009 Administrative Order Establishing Procedures Governing Post-Petition Conduit Mortgage Payments.

    Administrative Arrearage Claim Treatment Under Conduit Order. If the mortgage creditor on a mortgage subject to the "Administrative Order Establishing Procedures Governing Post-Petition Conduit Mortgage Payments Effective January 1, 2010" (hereinafter "Conduit Order") files a Proof of Claim for post petition arrearages that includes the two month "Administrative Arrearage" as defined in the Conduit Order, the Trustee has used that two month portion of the claimed amount as the Administrative Arrearage. In that event, Trustee has established that two month Administrative Arrearage claim as a separate claim and reduced the amount stated in the mortgage creditors proof of claim accordingly.

9. That the following creditors have filed secured proofs of claims but, due to the value placed on the collateral, the claims will be treated as unsecured and paid along with other unsecured claims. With respect to claims listed below for which the terms of repayment are listed as: "Abandon," upon entry of an Order confirming the plan, as modified by this Motion, the automatic stay of §362(a) and the automatic co-debtor stay of §1301 shall thereupon be lifted and modified with respect to such property "for cause" under §362(a)(1), as allowed by Local Rule 4001-1(b):

    NONE

Reference herein to "Direct" or "Outside" or similar language regarding the payment of a claim under this plan means that the debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties of the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief;

10. That the treatment of claims indicated in paragraphs 7 and 8 above, are based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely filed claims require different treatment;

11. That the following executory contracts and unexpired leases shall be either assumed or rejected as indicated below:

| Creditor | Property Leased/Contracted For | Treatment |
|---|---|---|
| NONE | | |

12. That priority claims shall be paid in full over the term of the Plan;

13. That confirmation of this Plan will be without prejudice to pending Motions For Relief From the Automatic Stay and will be without prejudice to objections to claims and avoidance actions;

14. That confirmation of the Plan vests all property of the estate in the debtor(s);

15. That the attorney for the debtor(s) is requesting fees in the amount of $3,700.00 . The Trustee recommends to the Court a fee of $3,700.00 . If the recommended fee is different from that requested an explanation can be found in Exhibit 'A'.

                                                    s/ Robert R. Browning  
                                                  Robert R. Browning  
                                                  Standing Chapter 13 Trustee

|  |  |
|---|---|
| **EXHIBIT 'A'** | **CASE NUMBER:  12-07123-8-RDD** |

**DEBTORS:**   RONALD POPE

**EMPLOYMENT:**

Debtor:   DISTRICT OF COLUMBIA GOVERNMENT
441 4TH ST NW
SUITE 420 SOUTH
WASHINGTON, DC 20001         **GROSS INCOME:**   $77,501.64

Spouse:

**Prior Bankruptcy cases:**   Yes ☒   No ☐   If so, Chapter  13  filed  07/24/2012
Disposition:   DISMISSED: 09/11/2012
**Real Property**:   House and Lot ☒  Mobile home ☐  Lot/Land ☐  Mobile Home/Lot ☐
Description:   RESIDENCE
FMV         $56,120.00            Date Purchased
Liens        $24,000.00            Purchase Price
Exemptions   $32,120.00            Improvements
Equity       $  0.00               Insured For
Rent                               Tax Value

**COMMENTS**:

| **Attorney Fees**: | Requested: | $3,700.00 | (excluding filing fee) |
|---|---|---|---|
|  | Paid: | $434.00 | (excluding filing fee) |
|  | Balance: | $3,266.00 |  |

**Trustee's Recommendation:**         $3,700.00
Comments:

**Plan Information**:

| Plan Information: |  | After 341 |  | Payout % After 341 |  |
|---|---|---|---|---|---|
| Total Debts | $35,196.80 | Pay in | $38,400.00 | Priority | 100.00% |
| Priority | $6,266.00 | Less  8.00% | $3,072.00 | Secured | 100.00% |
| Secured | $26,643.80 | Subtotal | $35,328.00 | Unsecured | 100.00% |
| Unsecured | $2,287.00 | Req. Atty. Fee | Incl. w/ claims | Joint | 0.00% |
| Joint Debts | $0.00 | Available | $35,328.00 | Co-Debts | 0.00% |
| Co-Debtor | $0.00 |  |  |  |  |

                              **Annual Review:**    Yes  ☐         No  ☐
                              **Payroll Deduction:** Yes  ☐         No  ☒
Objection to Confirmation:    Yes  ☐         No  ☐

  Pending:   SEE COURT DOCKET
  Resolved:  SEE COURT DOCKET

Motions Filed:        Yes  ☐        No  ☐

   If so, indicate type and status:   SEE COURT DOCKET

Hearing Date:

# CERTIFICATE OF MAILING

0016

| | | | | Page 1 of 1 |
|---|---|---|---|---|
| CASE: 1207123 | TRUSTEE: 23 | | COURT: 278 | |
| TASK: 11-20-2012.00609973.LSA000 | | DATED: 11/21/2012 | | |

| | | | |
|---|---|---|---|
| Court | | Served Electronically | |
| Debtor | | RONALD POPE | 3554 A. MELROSE STREET<br>TRIANGLE, VA 22172 |
| 799 | 000002 | PATRICK DONOVAN RILEY | PO BOX 1298<br>WILSON, NC 27894 |
| 009 | 000017 | PROFESSIONAL ACCOUNT MANAGMENT<br>STE, 1600 | 633 WEST WISCONSIN AVE.<br>MILWAUKEE, WI |
| 002 | 000010 | ALLIANCE ONE RECEIVABLES<br>4850 STREET ROAD, SUITE 300 | ATTN: MANAGEMENT<br>FEASTERVILLE TRAVOSE, PA 19053 |
| 005 | 000013 | DISTRICT OF COLUMBIA | 300 INDIANA AVE<br>WASHINGTON, DC 20001 |
| 015 | 000008 | VIRGINIA DEPT OF SOCIAL SERVICES<br>8551 RIXLEW LANE | ATTN MANAGING AGENT<br>MANASSAS, VA 20109 |
| 007 | 000015 | MONTGOMERY COUNTY | 101 MONROE STREET<br>ROCKVILLE, MD 20850 |
| 001 | 000009 | ACS STATE AND LOCAL SOLUTIONS<br>SUITE 200 | 4040 BLACKBURN LANE<br>BURTONSVILLE, MD 20866 |
| 004 | 000012 | CRS TRIANGLE HOUSING | 18194 PURVIS DR<br>TRIANGLE, VA 22172 |
| 008 | 000016 | PRINCE WILLIAM PUBLIC LIBRARY | 13083 CHINN PARK DRIVE<br>PRINCE WILLIAM, VA 22192 |
| 010 | 000006 | SANDRA POPE | 6204 TRIDENT LANE<br>WOODBRIDGE, VA 22193 |
| 014 | 000007 | VA DIVISION OF CHILD SUPPORT ENFORC<br>801 E MAIN ST FL 3 | DCSE CUSTOMER SERVICES UNIT<br>RICHMOND, VA 23219-2907 |
| 006 | 000014 | DOMINION VIRGINIA POWER | PO BOX 26666<br>RICHMOND, VA 23261 |
| 003 | 000011 | COLUMBIA GAS OF VIRGINIA | 1809 COYOTE DR<br>CHESTER, VA 23836 |
| 016 | 000021 | MATHIAS H HUNOVAL | 501 MINUET LANE., STE 104 - A<br>CHARLOTTE, NC 28217 |
| 900 | 000003 | OCWEN LOAN SERVICING | 1661 WORTHINGTON RD. , STE 100<br>WEST PALM BEACH, FL 33409 |
| 901 | 000004 | OCWEN LOAN SERVICING | 1661 WORTHINGTON RD. , STE 100<br>WEST PALM BEACH, FL 33409 |
| 902 | 000005 | OCWEN LOAN SERVICING | 1661 WORTHINGTON RD. , STE 100<br>WEST PALM BEACH, FL 33409 |
| 011 | 000018 | TEK COLLECT | PO BOX 1269<br>COLUMBUS, OH 43216 |
| 012 | 000019 | UCB | 5620 SOUTH WYCK<br>TOLEDO, OH 43614 |
| 013 | 000020 | UNIQUE NATIONAL | 119 E MAPLE STREET<br>JEFFERSONVILLE, IN 47130 |

22 NOTICES

THE ABOVE REFERENCED NOTICE WAS MAILED TO EACH OF THE ABOVE ON 11/21/2012.
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED ON   11/21/2012   BY  /S/EPIQ Systems, Inc.

*CM - Indicates notice served via Certified Mail