United States Bankruptcy Court
Eastern District of North Carolina

In re:  
Ronald Pope  
    Debtor

Case No. 12-07123-SWH  
Chapter 13

## CERTIFICATE OF NOTICE

District/off: 0417-8      User: angel_sg      Page 1 of 1      Date Rcvd: Sep 16, 2015  
                 Form ID: pdf014      Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 18, 2015.  
db          +Ronald Pope,   3554 A. Melrose Street,    Triangle, VA 22172-1114

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.  
NONE.                                                                                                               TOTAL: 0

              ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 18, 2015                              Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 16, 2015 at the address(es) listed below:  
         G. Norman Acker, III    on behalf of Creditor    Internal Revenue Service norman.acker@usdoj.gov, usance.bankruptcy@usdoj.gov  
         Mathias H. Hunoval    on behalf of Creditor    Ocwen Loan Servicing, LLC bankruptcy@hunovallaw.com, ken@hunovallaw.com  
         Patrick Donovan Riley    on behalf of Debtor Ronald  Pope priley@prileylaw.com, kchesson@prileylaw.com  
         Richard M Stearns    nharrison@suddenlinkmail.com  
                                                                                                  TOTAL: 4

**SO ORDERED.**

**SIGNED this 16 day of September, 2015.**

_____
**Stephani W. Humrickhouse**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## GREENVILLE DIVISION

IN RE:    RONALD POPE                        CASE NO. 12-07123-8-SWH

          DEBTOR.                            CHAPTER 13

### AMENDED CONSENT ORDER

THIS MATTER before the Court is the Trustee's Motion to Dismiss,

AND IT APPEARING to the Court from the signatures of both of the Trustee and counsel for the Debtor hereto subscribed, that the Trustee and Debtor have reached an agreement, the specifics of which are set out hereinafter, concerning the Motion to Dismiss made by the Trustee,

Based on the stipulations and agreement of the parties, the Court makes and enters the following:

### FINDINGS OF FACT

1. The Debtor filed a Voluntary Petition in accordance with Chapter 13 of Title 11, United States Code ("Bankruptcy Code") on October 4, 2012.

2. The Debtor was required to make the first Chapter 13 Plan payment on November 1, 2012, and every payment thereafter on the first day of each calendar month.

3. The Trustee filed a Motion to Dismiss on July 1, 2014 for failure to make required payments.

4. The Debtor is not current on payments for the Chapter 13 Plan and consents to bring the plan current by paying the regular plan payment of $640.00 beginning April 1, 2015, and a cure payment of $427.00 for 6 months beginning April 1, 2015.

5. The Debtor and Trustee agree that if the regular plan payment and any cure payments are not received within twenty (20) days of each payments' respective due date, said date being the first day of each month, during the twelve (12) month period beginning April 1, 2015, and continuing through to the payment due March 1, 2016, then this case shall be automatically dismissed upon the Trustee's notification to the Court, without further notice or hearing.

6. The Debtor and Trustee agree that the Debtor's confirmed Chapter 13 Plan needs to be modified to pay the increased priority and secured claim of the Internal Revenue Service. The Debtor cannot modify the Chapter 13 Plan until the amount of the secured claim of the Internal Revenue Service is determined. Debtor's counsel and the Trustee have made requests to the mortgage lienholder to confirm the amount due for the mortgage lien against the Debtor's residence. The Debtor and Trustee agree that the Debtor shall modify the Chapter 13 Plan by November 15, 2015 or this matter shall be automatically dismissed without further notice and hearing.

7. The Debtor has been informed by counsel of the terms of this Consent Order and agrees to the terms detailed in this Consent Order.

## **CONCLUSIONS OF LAW**

1. The Court has jurisdiction over the parties hereto and the subject matter herein.

2. Pursuant to 11 U.S.C. § 1326 and E.D.N.C. LBR 4002-1(g)(2) the Debtor is required to make the plan payment on the first day of the month immediately following the filing date of the petition and plan and each month thereafter as directed by the Chapter 13 Trustee.

3. This matter may be dismissed for failure to make Chapter 13 Plan payments as scheduled.

4. Pursuant to 11 U.S.C. § 1329, the Debtor's Chapter 13 Plan may be modified to pay the priority and secured claims of creditor.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

1. The Chapter 13 Trustee's Motion to Dismiss is denied.

2. The Debtor shall bring the Chapter 13 Plan by paying the regular plan payment of $640.00 beginning April 1, 2015, and a cure payment of $427.00 in addition to the regular plan payment for 6 months beginning April 1, 2015.

3. If the regular plan payment and any cure payments are not received within twenty (20) days of each payments' respective due date, said date being the first day of each month, during the twelve (12) month period beginning April 1, 2015, and continuing through to the payment due March 1, 2016, then this case shall be automatically dismissed upon the Trustee's notification to the Court, without further notice or hearing.

      4.     The Debtor will modify the Chapter 13 Plan on or before November 15, 2015, or this case shall be automatically dismissed upon the Trustee's notification to the Court, without further notice or hearing.

      5.     The Debtor has been informed by counsel of the terms of this Consent Order and agrees to the terms detailed in this Consent Order.

**CONSENTED TO**:

/s/ Sarah Beth Withers  
Sarah Beth Withers, Staff Attorney for  
Richard M. Stearns, Chapter 13 Trustee

/s/ Patrick D. Riley  
Patrick D. Riley  
Attorney for Debtors

**\*\*\*END OF DOCUMENT\*\*\***